[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
Before the court is the plaintiff Chromium Process Company's Motion to Strike the defendant's special defense. This is a negligence action wherein the plaintiff has sued on theories of negligence, reckless misconduct, and statutory right to recover under state environmental laws (22a-452). The defendant Yankee Gas Service seeks to apportion liability between it and Shelton Canal Co., another defendant the plaintiffs previously released. The motion questions whether a special defense raising that right to reduction suffices if it invokes the statute permitting such a proportionate reduction but only pleads facts regarding the released party's negligence without also pleading the causal link between that alleged negligence and the damage sustained by the plaintiff. If the released party's negligence was not a proximate cause of its damages or was so slight or inconsequential that the damages would have occurred anyway, it would not have been sufficient to trigger operation of the rule requiring apportionment among all responsible persons. For that reason, the motion is granted.
The plaintiff is a company engaged in metal finishing in Shelton Connecticut, utilizing waters from the Shelton Canal for part of its processes. It alleges that the defendant Yankee Gas damaged the plaintiff's production by allowing stored asphalt to leach into the canal. Yankee Gas then impleaded the Canal Company as being responsible in part for any judgment. Additionally, Yankee Gas set up a special defense to the plaintiff's complaint invoking the benefit of 52-572h(n) of the General Statutes which provides:
 A release, settlement or similar agreement entered into by a claimant and a person discharges that person from all liability for contribution, but it does not discharge any other persons liability upon the same claim unless it so provides. However, the total award of damages is reduced by the amount of the released person's percentage of negligence determined in accordance with subsection (f) of this section.
If a release is proved from Chromium Process to Shelton Canal CT Page 7480 Company and causal negligence proved on the part of the Canal Company it could operate as a reduction in the amount of any judgment for that part of the total negligence attributable to the releasee.
It is clear that pursuant to subsection (f) of 52-572(h) that only causal negligence of a released third party is pertinent. The special defense invokes the statute, but prior to doing so, specifies in the third paragraph, negligence on the part of the Canal Company in using an unprotected water source. Yankee Gas argues that the defense suffices legally by invoking the statute; that the offending paragraph merely recites some of the factual background of the releasee's negligence and that its failure to plead a factual nexus between the releasee's negligence alleged and the injuries suffered to the plaintiff's products is not therefore fatally defective. The court disagrees. While it might be argued that the defendant's invocation of the products liability comparative negligence statute standing alone might have sufficed, the defendant, Yankee Gas, chose to plead some but not all of the legally necessary operative facts. Inclusio unius est exclusio alterius. By including factual references to the releasee's negligence without factual reference to any casual nexus between it and the plaintiff's legal injury, the defendant is seeking to invoke the statute on the factual grounds of mere negligence alone without the necessary proximate cause which 52-572h(f) contemplates. That fatally taints the entire pleading. The motion to strike is granted.
Flynn, J.